IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. 22-cr-00007-LKG |
| v. | ) | |
| | ) | Dated:  January 17, 2023 |
| MARILYN J. MOSBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

On September 30, 2022, the Court issued an Order that, among other things, directed Defense Counsel A. Scott Bolden, Esq. to show cause as to why the Court should not impose the penalty set forth in Local Rule 204.6, based upon the disclosure of confidential responses to the Court's juror questionnaire in the Defendant's response to the Government's motion for an order pursuant to Local Rules 204 and 603, dated September 29, 2022, (the "September 29, 2022, Filing").  ECF No. 124.  Defense Counsel Bolden responded to the Court's Show Cause Order on October 7, 2022.  ECF No. 125.  Thereafter, the Court held a hearing on this matter on January 17, 2023.  For the reasons that follow, and those stated during the hearing, the Court concludes that Defense Counsel Bolden violated Local Rule 204 by: (1) disclosing confidential juror responses in the Defendant's September 29, 2022, Filing; (2) making certain extra judicial statements during a press conference held on September 14, 2022; and (3) using profanity during the September 14, 2022, press conference.  The Court also finds that Defense Counsel Bolden **VIOLATED** Local Rule 201 by submitting the September 29, 2022, Filing, without the signature of Maryland Defense Counsel.

**II.    FACTUAL BACKGROUND**

On September 14, 2022, the Court held a pre-trial hearing in this matter.  During the hearing, the Court, among other things, granted the Government's motion for a continuance of the trial.  *See generally*, Sept. 14, 2022, Hearing Transcript, ECF No. 134.

Following the hearing, Defense Counsel Bolden gave a press conference on the steps of the Garmatz Federal Courthouse.  *See* Lee O. Sanderlin and Alex Mann, *Judge Postpones Marilyn Mosby's Federal Trial; New Date Yet To Be Set*, The Baltimore Sun, Sept.      14, 2022, *available at* https://www.baltimoresun.com/news/crime/bs-md-ci-cr-marilyn-mosby-lawyers-opposepostponement-20220914-vrrnt7eegnfitlxb2bhvrjin6i-story.html.  During this press conference, Defense Counsel Bolden stated that: "Now on the eve of trial, [the government] report[s] to the court on the record that they're gonna use experts . . . it was all [bull****]."  *Id*.  Defense Counsel Bolden also stated that: "If you're in the federal government, you're in the state government, you're an African-American politician working for the government, you are at risk because of the U.S. Attorney's Office for the City of Baltimore [sic]."  *Id*.

The Court held another pre-trial hearing on September 15, 2022.  During this hearing, Mr. Bolden made the following statement to the Court:

> To the Court, to the institution, federal and state courts, to judges, it's been reported that in a public statement I issued profanity or used profanity about the Order or the Government's decision to seek a continuance. That was inappropriate. I own it. I apologize to the Court, the institution, the judges that make up this great body, both federal and state.  As you know, my father who passed away was a former city state judge. I've been a member of the bar-- three bars over 35 years and been around the law for 50 years as a young man watching my father try cases. I know better. I was very frustrated, and I apologize again. It will never happen again. And I'm disappointed in my choice of words for sure. If my mother was with us, she'd be hitting me upside the head as she should. So I apologize, Your Honor. Thank you.

*See* Sept. 15, 2022, Hearing Tr. at 71; ECF No. 135.

On September 15, 2022, the Government also filed a motion pursuant to Local Rules 204 and 603, requesting that the Court enter a narrowly tailored gag order in this case.  On September 29, 2022, Defense Counsel Bolden filed a response in opposition to the Government's motion.  ECF No. 124.  This filing contains quotations from the confidential responses to the Court's juror questionnaire for this case.  *Id*.  And so, on September 30, 2022, the Court issued an order striking the filing and directing Defense Counsel Bolden to show cause as to why the Court should not impose the penalty set forth in Local Rule 204.6.

### III.    STANDARDS FOR DECISION

#### A.  The Relevant Local Rules

Local Rule 204 addresses the release of information by attorneys. This rule provides, in relevant part, that "[a]n attorney shall not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if there is a reasonable likelihood that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice." L.R. 204.1. Local Rule 204 also requires that, during a jury trial, including the period of selection of the jury, "no lawyer associated with the prosecution or defense shall give or authorize any extra-judicial statement or interview, relating to the trial or the parties or issues in the trial, for dissemination by any means of public communication, except that the lawyer may quote from or refer without comment to public court records in the case." L.R. 204.4. "Any violation of Local Rule 204 may be treated as a contempt of court and may subject the violator to the disciplinary action of the Court." L.R. 204.6.

Local Rule 201 governs who may appear as counsel before this Court in a criminal matter and provides, in relevant part, that:

> Except as otherwise provided in this Rule, a defendant in a criminal case may only be represented by a member of the Bar of this Court or counsel appointed for that defendant by any United States court. . . .
>
> The Court may permit any attorney who is an active member in good standing of the bar of any other United States court or of the highest court of any state to appear and participate as counsel in a particular criminal case. Such permission shall not constitute formal admission to the Bar of this Court. However, an attorney admitted pro hac vice is subject to the disciplinary jurisdiction of this Court. Any party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings.

L.R. 201.

In addition, Local Rule 703 provides, in relevant part, that:

To the extent appropriate, all Rules set forth herein as applicable to attorneys admitted to practice before the Court shall also be deemed applicable to and enforceable against any attorney participating in any

3

>    manner in any proceeding in this Court, whether or not admitted to
>    practice before the Court.

L.R.703. "If allegations of misconduct which, if substantiated, would warrant discipline of an attorney, come to the attention of a judge of this Court, the judge may refer the matter to the Court's Disciplinary and Admissions Committee." L.R. 705.1.

## IV.   ANALYSIS

The Court must undertake the regrettable, but necessary, task of considering whether to hold Defense Counsel Bolden in contempt of court for violating its Local Rules. For the reasons that follow, the Court concludes that Defense Counsel Bolden has repeatedly violated the Court's Local Rules during the pendency of this litigation.

First, the Court finds that Defense Counsel Bolden's September 29, 2022, Filing, violates Local Rule 204. On September 29, 2022, Defense Counsel Bolden filed a response in opposition to the Government's motion for an order pursuant to Local Rules 204 and 603 that includes confidential responses to the Court's questionnaire. ECF No. 124. Defense Counsel Bolden argues, without persuasion, that this filing does not violate Local Rule 204 for four reasons: (1) Local Rule 204.1 lacks an "unequivocal command" related to the disclosure of juror questionnaires; (2) the Government "opened the door" to a discussion of the juror questionnaire; (3) the use of juror responses in the filing was not aimed at creating a reasonable likelihood of an unfair trial or prejudice to the administration of justice; and (4) the use of juror responses in this filing was not prejudicial to the administration of justice, because the subject filing occurred after the trial in this matter had been continued.

The Court developed the juror questionnaire for this case, in close consultation with the parties, to facilitate the jury selection process. While Defense Counsel Bolden correctly observes that Local Rule 204.1 does not expressly prohibit the disclosure of responses to this questionnaire, this Rule does require that counsel "not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if *there is a reasonable likelihood that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice*." L.R. 204.1 (emphasis supplied.).

Defense Counsel Bolden's filing violates this requirement. The public disclosure of the

4

confidential response to the Court's questionnaire could have a chilling effect on the willingness of potential jurors to provide candid and truthful responses to the Court's questionnaire in this case, and in other criminal matters before this Court.  In this case, Defense Counsel Bolden's public disclosure of confidential responses to the Court's questionnaire resulted in this information being published in several news articles and on social media.   Because it is essential to the administration of justice that the potential jurors in this case, and in every other case pending before this Court, provide truthful and candid responses to the Court's juror questionnaire, the Court must conclude that there is a reasonable likelihood that Defense Counsel Bolden's public disclosure of this confidential information will interfere with a fair trial and prejudice the due administration of justice.  L.R. 204.

Defense Counsel Bolden has also violated the Court's Local Rules in other ways since the inception of this case.  As discussed in detail in the Court's memorandum opinion and order on Government's motion for an order pursuant to Local Rules 204 and 603, Defense Counsel Bolden gave a press conference on the steps of the Garmatz Federal Courthouse on September 14, 2022, during which he used profanity and made other extra-judicial statements that the Court finds to be prejudicial to the Government and to the administration of justice.  L.R. 204.

The Court also observes that Defense Counsel Bolden violated Local Rule 201 by submitting the September 29, 2022, filing without the signature of the Maryland. counsel for the Defense in this case.  Local Rule 201 requires that:

> Any party represented by an attorney who has been admitted *pro hac vice* must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings.

L.R. 201.  But, the September 29, 2022, Filing is signed only by Defense Counsel Bolden and Anthony R. Todd, Esq., neither of whom are admitted to practice in Maryland.

Because the Court concludes that Defense Counsel Bolden has violated its Local Rules, the Court next considers the appropriate penalty for these violations.  Local Rule 204.6 provides that any violation of Local Rule 204 may be treated as a contempt of court and may subject the violator to disciplinary action of the Court.  L.R. 204.6.  In this regard, the United States Court of Appeals for the Fourth Circuit has held that the Court may impose sanctions for civil contempt to coerce obedience to a court order or "to compensate the complainant for losses sustained as a

result of the contumacy." See *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 821 (citing *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995). By comparison, criminal contempt sanctions are "initiated to vindicate the authority of the court and to punish the actions of the alleged contemnor." *Id*. at 822 (citing *Bradley v. American Household. Inc*., 378 F.3d 373, 377-79).

The Court concludes that a finding of contempt based upon Defense Counsel Bolden's violations of Local Rule 204 would involve the imposition of criminal contempt sanctions under *Cromer,* because the penalty imposed by the Court would vindicate the authority of the Court and punish the actions of Defense Counsel Bolden. Because criminal contempt is a crime, penalties for criminal contempt may not be imposed on someone who has not been afforded the protections that the Constitution requires for such criminal proceedings, including being informed of the right to counsel. *Id*. at 820 (citing *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); *Hicks v. Feiock*, 485 U.S. 624, 632, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); and *United States v. Johnson*, 659 F.2d 415, 416-17 (4th Cir.1981)). And so, the Court provides Defense Counsel Bolden with notice of the aforementioned violations of its Local Rules, and the Court will afford Defense Counsel Bolden an opportunity to be heard before the Court imposes any criminal contempt sanctions in this matter.

A separate ORDER shall issue.

**IT IS SO ORDERED.**

                                      s/Lydia Kay Griggsby
                                      LYDIA KAY GRIGGSBY
                                      United States District Judge