# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant. | )<br>)<br>)   Criminal Case No. 22-cr-00007-LKG<br>)<br>)   Dated:  January 17, 2023<br>)<br>)<br>)<br>) |

## ORDER

For the reasons stated in the Court's memorandum opinion dated January 17, 2023, and during the hearing held in this matter on January 17, 2023, the Court finds that Defense Counsel Bolden **VIOLATED** Local Rule 204 by:

(1) Disclosing confidential responses to the Court's juror questionnaire in the Defendant's September 29, 2022, Filing;

(2) Making certain extra-judicial statements during a press conference held on September 14, 2022; and

(3) Using profanity during the September 14, 2022, press conference.

The Court also finds that Defense Counsel Bolden **VIOLATED** Local Rule 201 by submitting the September 29, 2022, Filing without the signature of Maryland Defense Counsel.

For these reasons, it is **ORDERED** that, during the pendency of this criminal matter:

1. Defense Counsel Bolden **SHALL NOT** file any filings in this matter unless the filing is also signed by a Defense Counsel who is an active member in good standing of the Bar of this Court.

2. Defense Counsel Bolden **SHALL NOT** present argument to the Court unless a Defense counsel who is an active member in good standing of the Bar of this Court is also present at any court proceedings.

Local Rule 204.6 provides that any violation of this Rule may be treated as a contempt of court and may subject the violator to disciplinary action of the Court.  L.R. 204.6.  The Court concludes that any finding of contempt based upon Defense Counsel Bolden's violations of

Local Rule 204 would involve the imposition of criminal contempt sanctions under *Cromer*. Given this, Defense Counsel Bolden will be afforded notice of the alleged violations, an opportunity to be heard, and the protections that the Constitution requires, before the Court imposes any criminal contempt sanctions. And so, it is further **ORDERED** that:

Defense Counsel Bolden shall **SHOW CAUSE**, in writing, **on or before January 31, 2023**, as to why the Court should not:

(1) Impose criminal contempt sanctions;

(2) Make a criminal referral to the United States Attorney's Office for this District pursuant to Fed. R. Crim P. 42; and/or

(3) Revoke Defense Counsel Bolden's *pro hac vice* admission in *United States v. Marilyn J. Mosby*, 22-cr-0007.

**IT IS SO ORDERED.**

    s/Lydia Kay Griggsby
    LYDIA KAY GRIGGSBY
    United States District Judge