**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **MARILYN J. MOSBY,** <br><br> **Defendant** | **Case No. 22-cr-00007-LKG-1** |

## RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Counsel for Defendant State's Attorney Marilyn J. Mosby ("State's Attorney Mosby") submits this response to the Court's September 30, 2022 Order (Doc. No. 124) directing counsel to show cause why the Court should not impose the penalty set forth in Local Rule 204.6 based on the defense's September 29, 2022 filing in opposition to the government's gag order motion, Doc. No. 123. For the reasons set forth below, counsel should not be held in contempt pursuant to Local Rule 204.6.

## INTRODUCTION

Counsel respectfully submits that contempt is not warranted here, where the use of anonymous quotations from juror questionnaires in the defense's opposition to the government's gag order motion did not create a "reasonable likelihood" of interference "with a fair trial[,]" nor did it "prejudice the due administration of justice," as prohibited by Local Rule 204.1. D. Md. Loc. Crim. R. 204.1. Counsel instead used the quotations both to respond to the government's contentions, analysis, and interpretations about the same juror questionnaires and to illustrate that a problem already existed; namely, that pretrial publicity already had tainted the jury pool for these proceedings. Given this, there are several reasons why a contempt finding is unwarranted.

First, a contempt finding is appropriate only where there has been a violation of an "unequivocal command" stated in "specific detail." Yet, nothing in Local Rule 204.1 unequivocally and with specificity precludes what occurred here. Therefore, counsel could not have anticipated that the use of quotations from the juror questionnaires would run afoul of Local Rule 204.1. The government's moving papers support this conclusion as well, because those papers too disclosed information about and drew conclusions from the juror questionnaires. This, in turn, supports the conclusion that nothing in the rule suggested that the use of information gleaned from the juror questionnaires could run afoul of Local Rule 204.1.

Second, even if Local Rule 204.1 were sufficiently specific as to cover the conduct here, there was no violation of the rule. The rule is violated only when the conduct creates a "reasonable likelihood" of interference "with a fair trial[,]" or "prejudice[s] the due administration of justice." The filing could not be the source of any prejudice because the very reason why quotations from the juror questionnaires were referenced was to illustrate that animus toward State's Attorney Mosby *already* existed *well before* the statements at issue in the gag order motion. Moreover, given that the response was filed almost six months before a jury will be selected for the trial in this case, it is even less likely that the quotations from the juror questionnaires could have any effect on a fair trial or the administration of justice.

Finally, this Court's Show Cause Order expressed a concern that the defense's opposition to the gag order motion "included certain confidential [juror] responses." Doc. No. 124 at 1. But this overlooks the fact that the government put the juror questionnaire information at issue, and the defense was *responding* to the information and conclusions contained in the government's motion, without including any personal identifying information about the potential jurors. A

defendant should be able to effectively respond to arguments made by the government, and that is what the defense endeavored to do in this case. *See* D. Md. Loc. Crim. R. 204.5.

For all of these reasons, contempt is not warranted here.

## LEGAL STANDARD

A finding of contempt for purportedly violating a court order requires (1) an order that "'set[s] forth in specific detail an unequivocal command'" and (2) a violation of that order. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, No. MJG-06-2662, 2016 U.S. Dist. LEXIS 53252, at *8 (D. Md. Apr. 20, 2016) (quoting *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)) (alteration in original).

Local Rule 204 provides that "[a]n attorney shall not directly or indirectly release … any information or opinion concerning any imminent or pending criminal litigation if there is a *reasonable likelihood* that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice." D. Md. Loc. Crim. R. 204.1 (emphasis added).

### REASONS WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT

**A.     Rule 204.1 Does Not Provide An Unequivocal Command With Specific Detail Related To The Disclosure Of Juror Questionnaires In Public Filings**

To begin with, Local Rule 204.1 says nothing about the disclosure of juror questionnaires. The Local Rule instead speaks in general terms about the "public release of any information or opinion concerning any imminent or pending criminal litigation." D. Md. Loc. Crim. R. 204.1. Thus, the rule is insufficiently specific to be the basis of a contempt finding in these circumstances, because it does not specifically and unequivocally prohibit the portions of the defense filing at issue.

Moreover, when viewed in the context of Local Rule 204 as a whole (which applies to the "release of information by attorneys"), the reference to a "public release" appears to be aimed at an attorney's statements and release of information outside the confines of court filings. Indeed, the Rule's substantive subdivisions contains specific references to "extra-judicial" communications. *See generally* D. Md. Loc. Crim. R. 204.2 (related to "Investigations"), 204.3 (related to "Pretrial"), 204.4 (related to "Trial"). Given all of this, the Court's broad reading of Local Rule 204.1 as applying to court filings—and, in particular, to the responsive filing here— appears to be at odds with the requirement that the order in question set forth "specific detail" and give an "unequivocal command."[1]

Finally, the government's decision to include references to and conclusions about the contents of the juror questionnaires further underscores the lack of clarity in these circumstances. In particular, the government's decision to raise the juror questionnaires in the first instance illustrates that neither party read Local Rule 204.1 as including an unequivocal command—stated with specificity—prohibiting the use of juror questionnaire information in court filings. To be sure, the defense is not pointing fingers at the government, nor is it suggesting that two wrongs make a right. The point instead is merely that both side's conduct indicates that Local Rule 204.1 cannot reasonably be read as specifically and unequivocally prohibiting references to juror questionnaires in court filings. That fact, standing alone, is sufficient to preclude a finding of contempt.

---

[1] The Court's Show Cause Order refers to Local Rule 204.4, and states that it "instructs that counsel 'shall not give or authorize any extrajudicial statement or interview, relating to the trial or the parties or issues in the trial, for dissemination by any means of public communication.'" Doc. No. 124 at 1. The Court then notes that this provision of Local Rule 204 "provides an exception for public court records" but then suggests that this exception does not apply because juror questionnaires are not public records. Respectfully, the communication that has given rise to the show cause order is *not* an extrajudicial statement, but instead a court filing—namely, the defense's opposition to the government's motion. Given this, the prohibition in Local Rule 204.4 referenced in the Show Cause Order does not apply in the first place. Moreover, Local Rule 204.4 applies only "[d]uring a jury trial, including the period of selection of the jury." D. Md. Loc. Crim. R. 204.4. At the time the defense filed its opposition to the government's gag order motion, trial had been continued and jury selection had already been called off. Thus, Local Rule 204.4 should not control in these circumstances.

**B.      Counsel Did Not Violate Local Rule 204.1**

There is another independent reason why contempt is not warranted. Even if the directive at issue were deemed to be sufficiently specific to preclude a discussion about juror questionnaires in a court filing, there was no violation of the rule as stated. *See Victor Stanley*, 2016 U.S. Dist. LEXIS 53252, at *8. Local Rule 204.1 is violated only where there is a "reasonable likelihood" of an unfair trial or prejudice to the administration of justice. The references to the juror questionnaires in the defense's filing created no such "reasonable likelihood," for two reasons.

*First*, counsel's use of the statements in the juror questionnaires was not aimed at creating, nor did it create, a reasonable likelihood of either an unfair trial or prejudice to the administration of justice. The defense included those statements both to respond to the government's arguments about them and to illustrate the existence of pre-existing bias against State's Attorney Mosby in the potential jury pool in Baltimore, given the pervasive negative news coverage about these proceedings. In other words, the risk of an unfair trial existed long *before* counsel provided the statements from the juror questionnaires.

*Second*, the timing of the use of the juror questionnaire statements is another reason why there is no reasonable likelihood of an unfair trial or prejudice. The filing in question occurred after this Court granted the government's request for a six-month continuance, and referenced the questionnaire responses of jurors who already had been dismissed from the case. In other words, this isolated event occurred well in advance of the trial in this matter, and thus any publicity it may have generated will be far in the rear view mirror by the time the next jury selection commences. *See, e.g., United States v. Mandel*, 408 F. Supp. 673, 677 (D. Md. 1975) (denying motion for order prohibiting extrajudicial statements when the motion came four and a half months before the scheduled trial).

### C.   The Government Opened The Door To A Discussion Of The Juror Questionnaires And The Defense Was Entitled To Respond To Those Contentions

As a final matter, contempt is not warranted here because the defense should not be punished for its response when it was the government that put the juror questionnaires at issue by providing information and commentary about them in its gag order motion. To that end, the government's motion expressly states as follows:

> And the data the Court recently collected from potential jurors establishes that jurors are paying attention to media coverage of the case …. *The questionnaires provided by this Court indicate that a large portion of the jury pool is familiar with this case from the media, and [a] substantial portion of the individuals indicated that they had already made up their mind* about the case based on press coverage."

Doc. No. 120 at 2 (emphasis added). As noted, this is substantially the same argument that the defense made in its response.

To the extent that the Court believes the government's use of the juror questionnaires in its motion is materially different from the defense's opposition, it remains the case that the government's papers opened the door to State's Attorney Mosby's response. *See* D. Md. Loc. Crim. R. 204.5 (noting that "[n]othing in this Rule is intended … to preclude any lawyer from replying to any public charges of misconduct that are made"). Put differently, the Local Rules (in particular, Local Rule 204.1) did not prevent counsel from responding to the government's accusation that the statements during the September 14, 2022 press conference amounted to misconduct.

Moreover, in responding to the government's arguments, counsel went no further than necessary to respond and provide appropriate context. In doing so, counsel took care to avoid providing any identifying information about individual prospective jurors. There are many circumstances where the contents of a juror questionnaire are relevant to a matter at issue in a court

filing, and this case is no different. The government concluded that the questionnaires were relevant to a matter before the Court and put them at issue, and the defense, in turn, responded. Court filings like these—both the government's and the defense's—should not be subjected to contempt.

Finally, to the extent that the Court's Show Cause Order appears to be premised on some principle of confidentiality related to juror questionnaires, the Order does not identify a specific order or other directive that supposedly was violated. And counsel is not aware of any court order or directive specifically or unequivocally prohibiting the use of anonymized references to juror questionnaires. To the extent there is other guidance on this issue, the District of Maryland Jury Plan contains a confidentiality provision that provides as follows: "*Identifying information, including but not limited to, names, addresses, and employment* of prospective and sitting petit … jurors shall be maintained as confidential and shall be disclosed only to the extent permitted by Order of the Court." District of Maryland Jury Plan, at 10 (emphasis added). The Jury Plan contains no other provision prohibiting disclosure of anything beyond "Identifying information." Here, both the government and the defense referred to the juror questionnaires and discussed substance of those questionnaires, without disclosing any "identifying information."[2] This was consistent with the Court's rules and directives, and was not a violation of Local Rule 204.1.

## **CONCLUSION**

For the foregoing reasons, counsel for State's Attorney Mosby respectfully submits that counsel should not be held in contempt.

---

[2] To the extent that the juror questionnaires indicated that "[t]he attorneys are under Court Order to maintain the confidentiality of *any information they learn in the course of reviewing these questionnaires*[,]" the Court has identified no such order in its Show Cause Order, nor is counsel aware of such an order in the Local Rules or the Court's Standing Orders. In any event, to the extent that there was a breach of confidentiality, the government opened the door to that breach, because it first disclosed "information [it] learn[ed] in the course of reviewing" the juror questionnaires. *See* Doc. No. 120 at 2.

Dated: October 7, 2022          Respectfully Submitted,

/s/ *A. Scott Bolden*___

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

*Counsel for Defendant Marilyn J. Mosby*

## CERTIFICATE OF SERVICE

I certify that, on October 7, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

*/s/ A. Scott Bolden*
A. Scott Bolden